IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEREMY CHUNAK,<br><br>        Petitioner,<br><br>vs.<br><br>EARL HOUSER,,<br><br>        Respondent. | No. 3:21-cv-00027-JKS<br><br>ORDER OF DISMISSAL |

On February 17, 2021, Jeremy Chunak, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Docket No. 1. After reviewing the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court determined that the claims raised in the Petition had not be presented properly to the State courts and were therefore wholly unexhausted. Docket No. 4 at 3. The Court further explained that, to raise claims before this Court on federal habeas review, a petitioner **must** present those claims to the State courts and allow those courts to decide them in the first instance. *Id.* The Court allowed Chunak an opportunity to address his failure to first raise the claims in State courts, and demonstrate why this Court should nonetheless consider his claims. *Id.* at 3-5.

In response, Chunak argued the merits of his case, contending that his appointed counsel rendered ineffective assistance in his state court proceedings, and that he was convicted in violation of the Constitutional prohibition against double jeopardy. Docket No. 9 at 1-2.

-1-

Chunak does not assert any facts, or attach any evidence, that would demonstrate that he has presented the substance of those claims to the Alaska state courts.

As this Court previously explained, a state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

To exhaust their federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.* at 845. A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Chunak does not dispute that he has failed to exhaust the claims raised in the instant Petition by presenting them to the state courts. Nor does he demonstrate that a fundamental miscarriage of justice would result if the Court declined to consider his unexhausted Petition, or that he is actually innocent of the crimes for which he was convicted. Indeed, he fails to allege any facts that would support colorable arguments of cause and prejudice or actual innocence.

The record here does not permit the Court to conclude that Chunak is foreclosed, as a matter of state law, from exhausting the claims raised in the Petition. In the event Chunak intends to attempt to pursue these claims, or is in the process of pursuing them, a dismissal without prejudice here allows him the opportunity to do so.[1]

---

[1] Mr. Chunak is reminded, however, that he should not return to this Court until he has fully exhausted any claims he wishes to raise in this Court by presenting them *first* to the

**IT IS THEREFORE ORDERED:**

1. The Petition is **DISMISSED WITHOUT PREJUDICE.**

2. All pending motions are **DENIED AS MOOT**.

3. The Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must also be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

4. The Clerk of Court is respectfully directed to enter final judgment in this case.

Dated at Anchorage, Alaska this 5th day of April, 2021.

s/James K. Singleton, Jr.<br>
JAMES K. SINGLETON, JR.<br>
Senior United States District Judge

---

Alaska state courts.